UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MILTON YOUNG** | **CIVIL ACTION** |
| **versus** | **NO. 12-1847** |
| **N. BURL CAIN, WARDEN,**<br>**LOUISIANA STATE PENITENTIARY** | **SECTION: "N" (1)** |

**REPORT AND RECOMMENDATION**

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Milton Young, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On January 14, 2002, he was found guilty of one count of armed robbery and one count of attempted armed robbery under Louisiana law.[1] On June 4, 2002, he was found to be a third offender and was sentenced as such on the armed robbery conviction to a term

---

[1] State Rec., Vol. III of IV, transcript of January 14, 2002, p. 178; State Rec., Vol. I of IV, minute entry dated January 14, 2002; State Rec., Vol. I of IV, jury verdict forms.

of life imprisonment. On that same date, he was also sentenced on the attempted armed robbery conviction to a term of fifty years imprisonment. It was ordered that the sentences run concurrently and without benefit of probation, parole, or suspension of sentence.[2] On April 16, 2003, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's convictions and his sentence on the armed robbery conviction. As to his sentence on the attempted armed robbery conviction, the Court of Appeal amended that sentence to a term of forty-nine and one-half years imprisonment and then affirmed the sentence as amended.[3] On July 29, 2003, petitioner filed a related writ application with the Louisiana Supreme Court[4] which was denied on August 20, 2004.[5]

        While that application was pending in the Louisiana Supreme Court, petitioner returned to the state district court to file an application for post-conviction relief on or about July 7, 2004.[6] That application was denied on July 15, 2004.[7] In connection with a related writ application, the Louisiana Fourth Circuit Court of Appeal vacated the district court's judgment, holding that the district court should not have entertained the application in light of the Louisiana

---

[2] State Rec., Vol. III of IV, transcript of June 4, 2002.

[3] State v. Young, No. 2002-KA-2149 (La. App. 4th Cir. Apr. 16, 2003); State Rec., Vol. II of IV.

[4] State Rec., Vol. II of IV.

[5] State ex rel. Young v. State, 882 So.2d 574 (La. 2004) (No. 2003-KH-2285); State Rec., Vol. II of IV.

[6] State Rec., Vol. I of IV.

[7] State Rec., Vol. I of IV, Judgment dated July 15, 2004.

Supreme Court application which was pending at the time the post-conviction application was filed.[8] Petitioner did not seek review of the Court of Appeal's judgment.

On an unknown date in 2004, petitioner filed a "Writ of Mandamus" with the state district court seeking documents from the District Attorney's files.[9] Finding that application improperly filed, the district court refused to consider it.[10] Petitioner's related writ applications were likewise denied by the Louisiana Fourth Circuit Court of Appeal on December 20, 2004,[11] and by the Louisiana Supreme Court on January 9, 2006.[12]

Apparently on an unknown date in 2011, petitioner filed a motion to vacate and correct an illegal sentence in the state district court.[13] That motion was denied on August 16, 2011.[14]

---

[8] State v. Young, No. 2004-K-1397 (La. App. 4th Cir. Sept. 8, 2004); State Rec., Vol. IV of IV.

[9] State Rec. Vol. IV of IV.

[10] State Rec., Vol. III of IV, Judgment dated October 20, 2004.

[11] State v. Young, No. 2004-K-2052 (La. App. 4th Cir. Dec. 20, 2004); State Rec., Vol. IV of IV.

[12] State ex rel. Young v. State, 918 So.2d 1027 (La. 2006) (No. 2005-KH-0490); State Rec., Vol. IV of IV.

[13] State Rec., Vol. IV of IV.

[14] State Rec., Vol. IV of IV, Judgment dated August 16, 2011.

His related writ applications were likewise denied by the Louisiana Fourth Circuit Court of Appeal on September 29, 2011,[15] and by the Louisiana Supreme Court on June 15, 2012.[16]

On or after July 12, 2012, petitioner filed the instant application seeking federal *habeas corpus* relief.[17] The state argues that the federal application is untimely.[18] The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."[19] On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v.

---

[15] State v. Young, No. 2011-K-1309 (La. App. 4th Cir. Sept. 29, 2011); State Rec., Vol. IV of IV.

[16] State *ex rel.* Young v. State, 90 So.3d 1053 (La. 2012) (No. 2011-KH-2356); State Rec., Vol. IV of IV.

[17] Rec. Doc. 1.

[18] Rec. Doc. 17.

[19] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

> Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). *However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires."* Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008) (emphasis added).

In the instant case, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's convictions and sentences on April 16, 2003. Under Louisiana law, he then had thirty days, i.e. until May 16, 2003, to file a writ application with the Louisiana Supreme Court to challenge that judgment. Louisiana Supreme Court Rule X, § 5(a). Because he failed to file a writ application with that court by that deadline, his state criminal judgment became final for the purposes of the AEDPA, and his federal limitations period therefore commenced, on May 16, 2003. See id. at 317-18. The federal limitations period then expired one year later, unless that deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

On July 29, 2003, after seventy-three (73) days of the federal limitations period had elapsed, petitioner filed his writ application in case number 03-KH-2285 with Louisiana Supreme

Court.[20]  Although he obviously intended that application to be part of the direct-review process, it was filed long after the thirty-day deadline for seeking such direct view.  However, rather than simply denying the application as an untimely direct-review application, the Louisiana Supreme Court instead opted to treat the application as one seeking collateral review.  This recharacterization is apparent not only by the court's recaptioning of the case as "State *ex rel.* Milton Young v. State of Louisiana," the form used for collateral-review writ applications, but more importantly by the decision itself.  In denying relief, the Louisiana Supreme Court expressly cited La. Code Crim. P. art. 930.8 and State *ex rel.* Melinie v. State, 665 So.2d 1172 (La. 1996), both of which apply *only* in collateral-review proceedings.[21]  Although the state correctly notes that the application was not technically a "properly filed" post-conviction application, in that it was filed with the Louisiana Supreme Court rather than the state district court,[22] the Louisiana Supreme Court did not reject it

---

[20] State Rec., Vol. II of IV.  The United States Fifth Circuit Court of Appeals has held that federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana prisoner's *pro se* state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).  Here, that date cannot be gleaned with certainty from the record; however, the application was mailed in an envelope bearing a postage meter stamp dated July 29, 2003.  In the absence of any contrary evidence, the Court will use that date as the approximate date of filing. In this case, the use of an approximate filing date presents no problem, because petitioner's federal application is extremely untimely.

[21] Article 930.3 limits the grounds on which a prisoner may seek *post-conviction* relief, while the Melinie decision held that article 930.3 does not allow *post-conviction* challenges to sentencing errors.

[22] Because Louisiana law requires that post-conviction applications be filed initially in the state district court, see La.C.Cr.P. art. 926(A), a post-conviction application filed in the first instance with the Louisiana Supreme Court is not "properly filed" and, therefore, normally does not entitle a petitioner to tolling credit. Carbins v. Hubert, Civ. Action No. 06-0677, 2007 WL 1099649, at *4 (W.D. La. Apr. 4, 2007); Darbonne v. Cain, Civ. Action No. 06-0856, 2006 WL 2457988, at *6 n.8

- 6 -

on that basis.  Therefore, out of an abundance, this Court will considered the federal limitations tolled for the period during which the application was pending, i.e. from July 29, 2003, until August 20, 2004.[23]

Moreover, the federal limitations period did not resume running at that point due to another filing in state court.  Before the Louisiana Supreme Court issued its ruling, petitioner had already again tolled the federal limitations period by returning to the state district court to file an application for post-conviction relief on or about July 7, 2004.[24]  Although that application was denied on July 15, 2004,[25] tolling continued because petitioner filed a timely application for review with the Louisiana Fourth Circuit Court of Appeal.  Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-71 (5th Cir. 2004) (tolling continues uninterrupted for the duration of the post-conviction proceedings, so long as the petitioner sought supervisory review in a timely manner).  Therefore, tolling did not cease until October 8, 2004, i.e. thirty days after the Court of Appeal's judgment of September 8, 2004, when petitioner's period expired for seeking review of that judgment by the Louisiana Supreme Court.  Id. at 771 (tolling ceases upon the expiration of time for

---

(W.D. La. Aug. 21, 2006).

[23] A petitioner receives no additional tolling credit for the period during which he could have sought review by the United States Supreme Court with respect to the denial of post-conviction relief.  Lawrence v. Florida, 549 U.S. 327, 332 (2007); Ott v. Johnson, 192 F.3d 510, 512-13 (5th Cir. 1999).

[24] State Rec., Vol. I of IV.  That application was undated, but it was stamped as filed by the clerk of court on July 7, 2004.

[25] State Rec., Vol. I of IV, Judgment dated July 15, 2004.

seeking further review); Louisiana Supreme Court Rule X, § 5(a) (providing for a thirty-day period for seeking review).

At that point, petitioner had two hundred ninety-two (292) days of the federal limitations period remaining. Accordingly, he had only until July 27, 2005, to file his federal application, unless the limitations period was again tolled.

Petitioner clearly is not entitled to further statutory tolling. The only other applications he filed in the state courts during that period concerned his attempts to obtain documents from the District Attorney's files. Applications seeking documents are not considered "application[s] for State post-conviction or other collateral review" for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. Higginbotham v. Tanner, Civ. Action No. 10-1130, 2011 WL 3268128, at *1 (E.D. La. July 29, 2011); Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n. 22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001).

The Court must also consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's

statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. <u>Alexander v. Cockrell</u>, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Because petitioner is entitled to neither further statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before July 27, 2005. Because his federal application was not filed until July 12, 2012,[26] it is untimely.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Milton Young be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

---

[26] "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." <u>Roberts v. Cockrell</u>, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner signed his federal application on July 12, 2012; therefore, the application could not have been placed in the prison mailing system any earlier than that date.

a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[27]

New Orleans, Louisiana, this seventh day of February, 2013.

                                  **SALLY SHUSHAN**
                                  **UNITED STATES MAGISTRATE JUDGE**

---

[27] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.